IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO.: 1:04cr11-SPM

JERMAINE JERWON FREEMAN,

      Defendant.
_____/

**ORDER DENYING MOTIONS TO WITHDRAW PLEA
AND FOR NELSON INQUIRY**

      This cause comes before the Court on the Motion to Withdraw Plea (doc. 56) and Motion for Nelson Inquiry (doc. 57) filed by Defendant Jermaine Jerwon Freeman, pro se.  It is difficult to determine the relief Defendant is seeking and the grounds therefor.  In reviewing the various possibilities, however, the Court finds that Defendant is not entitled to relief from this Court at this time.

      It appears that the motions are directed to the underlying state substantive convictions, identified as sale of cannabis and sale of cocaine, that led to the revocation of Defendant's federal supervised release.  This Court does not have jurisdiction to allow Defendant to withdraw his plea to the state charges, although later review may be available through 28 U.S.C. § 2254.

      To the extent Defendant is challenging the federal proceedings that

resulted in the revocation of his federal supervised release and federal sentence, because Defendant has been sentenced, his plea or admission to the violations can only be set aside on direct appeal or on motion under 28 U.S.C. § 2255. Since Defendant has a direct appeal pending, the Court will not recharacterize Defendant's motions as motions filed under 28 U.S.C. § 2255.

To the extent Defendant is seeking a new violation hearing, his motion is untimely because it is not based on newly discovered evidence and was filed more than seven days from the finding that he violated the conditions of his supervised release.  Fed. R. Crim. P. 33(b)(2).  Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion to Withdraw Plea (doc. 56) and Motion for Nelson Inquiry (doc. 57) are denied.

2. The denial is without prejudice to Defendant's opportunity to seek relief in state court, or in federal court under 28 U.S.C. §§ 2254 and 2255.

DONE AND ORDERED this 12th day of June, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge